WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
JAMES M. PETERS, WASHINGTON STATE BAR NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cr-S-168-EJL |
| Plaintiff, | |
| vs. | **RULE 11 PLEA AGREEMENT** |
| WILLIAM ROGER WILKINSON, | |
| Defendant. | |

Rev. November 2012 (General)

I.      **GUILTY PLEA**

A.      **Summary of Terms**.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will waive his right to indictment and plead guilty to an Information, which charges the defendant with Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) and forfeiture, in violation of 18 U.S.C. § 2253.

**Forfeiture Allegation**:  In connection with the violations set out above, the defendant agrees to forfeiture of the property referred to below.

This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement.  Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, at the time of sentencing the Government, under Federal Rule of Criminal Procedure 11(c)(1)(A), will move to dismiss the Indictment, and under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the Sentencing Guideline range as calculated below, followed by lifetime supervised release.

The defendant agrees that the Court may consider uncharged "relevant conduct" in arriving at an appropriate sentence pursuant to USSG § 1B1.3.

B.      **Oath**.  The defendant will be placed under oath at the plea hearing.  The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

## II.    WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, the Defendant waives the following rights: 1) the right to plead not guilty to the offense charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant.  If the District Court accepts the defendant's guilty plea, there will be no trial.

## III.    NATURE OF THE CHARGES

**A.    <u>Elements of the Crime</u>.**  The elements of the crime of Sexual Exploitation of Children, as charged in Count One, are as follows:

1.    That the victim was less than 18 years old;

2.    The defendant intentionally employed, used, persuaded, induced, enticed or coerced a minor to take part in sexually explicit conduct for the purpose of producing visual depictions of that conduct; and

3.    The visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate and foreign commerce, or mailed, and were produced or transmitted using materials that have been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer.

**B.**     **Factual Basis.** If this matter were to proceed to trial, the Government and the

defendant agree that the following facts would be proven beyond a reasonable doubt:

On May 8, 2013, the Lincoln County, Idaho, Sheriff's Office began investigating the

defendant, William Roger Wilkinson, who was born in November 1960, for lewd contact with a

minor child under sixteen years old, in violation of Idaho Code 18-1508. The victim, HH, born

in March 2004, disclosed during the Lincoln County investigation that Wilkinson had sexually

explicit contact with her at his residence in Shoshone, Idaho.

HH's mother, LT, born in 1984, is the former girlfriend of Wilkinson. LT and HH lived

with Wilkinson at his home located at 159 East 620 North, Shoshone, Idaho when HH was

approximately 18 months old to approximately 4 years old. LT and HH moved out of

Wilkinson's home in July or August 2008. After they had moved out of his house, Wilkinson

still wanted to see HH.

Between the latter part of 2008 and the spring of 2009, HH stayed at various times with

her mother and with Wilkinson. In March 2009, LT gave Wilkinson primary custody of HH and

she (LT) saw HH every other weekend. In August of 2009, there was an agreement that LT and

Wilkinson would share custody of HH week-to-week. The week-to-week custody arrangement

continued until July 2011, when LT refused to let HH go back to Wilkinson. On August 27,

2012, Wilkinson obtained a decree from the Fifth Judicial District Court for Blaine County,

Idaho, which ordered that Wilkinson be entitled to physical custody of HH one weekend a

month, August through June, plus the first full week of July for purposes of a vacation.

On May 22, 2013, HH was interviewed at CARES (Children at Risk Evaluation Services)

as part of the Lincoln County investigation. HH disclosed during this CARES interview that

Wilkinson had taken pictures of her.  HH described one picture as Wilkinson making her lay down on her back, taking off her underwear, then taking a picture.

Lincoln County Sheriff's deputies arrested Wilkinson in May 2013, but the charges were dismissed pending DNA results.  On November 1, 2013, a new felony complaint was filed in Lincoln County, Idaho, charging Wilkinson with five counts of Lewd Conduct with a Child Under 16 years.[2]  Wilkinson was arrested on the Lincoln County warrant in Utah on November 12, 2013, and the dark blue Chevy truck he had been driving was impounded.

On November 27, 2013, the FBI in the District of Utah obtained a warrant to search the dark blue Chevy truck Wilkinson had been using.  The items to be seized under this search warrant included, *inter alia*, computers, photos, compact disks, notes, records, images and videos pertaining to child pornography, photos of HH, and evidence of travel with Wilkinson.

Seized under this search warrant was an Apple laptop computer, serial number W80250LVATQ.  Inside the laptop was a Toshiba hard drive serial number 5059P0I7T L54 EC.A, bearing a manufacturer's trade label "Made in the Philippines."  This computer was submitted for forensic examination on December 3, 2013.

The forensic examination of the Apple laptop and Toshiba hard drive found sexually explicit images of HH.  There was a series of photographs, located in unallocated space on the Toshiba hard drive, that show HH wearing hot pink lace thong underwear.  Some of the images are up close of her bottom, which is bare except for the thong; other images show her bottom and a penis touching the buttocks at different angles.  In at least one of the images, the penis is placed between her two buttocks (but not penetrating her).  The male's chest is visible in one of the photographs.  A portion of a tattoo on the male's chest is visible in the image.

---

[2] Two counts were later dismissed; the remaining charges are pending trial.

The photographs in this group of images with HH wearing the pink thong underwear contained EXIF (exchangeable image file format) data.  This data can include the date the photograph was taken, the equipment used to take the photograph and, in some instances, the location where the photograph was taken.  All of the photographs in this group of HH contained data showing the equipment used to take the photograph, date information and location information.  All of these photographs were taken with an iPhone 5 on Saturday, November 3, 2012, at 159 East 620 North, Shoshone, Idaho.

There was a second series of images of HH wherein she has her jeans pulled down, and some with her panties pulled down.  In one image, the camera is situated below HH and is pointed upward, focused on her exposed genitals and pubic area.  There is also a photograph of HH with her jeans and panties pulled down and she is lying on a bed with the camera focused on her exposed genitals.  This group of photographs also contained EXIF data.  All of these photographs were taken with an iPhone 5 on Sunday, December 9, 2012, at 159 East 620 North, Shoshone, Idaho, which was Wilkinson's residence at that time.

On April 16, 2014, FBI Special Agent Mary Martin interviewed HH in Shoshone, Idaho.  SA Martin showed HH six of the aforedescribed photographs where she is wearing the pink thong underwear.  HH identified herself in the photographs and advised she was lying on Wilkinson's bed at his house when the photographs were taken.  HH stated Wilkinson took the photographs.  HH recognized the pink underwear in the photographs and stated Wilkinson gave them to her.  In the one photograph with the male chest and partial tattoo visible, HH stated the male is Wilkinson.  Wilkinson has a tattoo of HH's face on his chest that is consistent with the location of the tattoo in the photo.

SA Martin also showed HH two images from the group of photographs with her jeans pulled down.  She identified herself in each photograph and said she is on Wilkinson's bed at his house.  HH stated Wilkinson took these photographs with his iPhone and he told her to pull her jeans and panties down.

## IV.    SENTENCING FACTORS

**A.    Penalties.**  A violation of 18 U.S.C. Section 2251(a), as charged in Count One of the Information, is punishable by a term of imprisonment of not less than 15 years, nor more than 30 years, a term of supervised release at least 5 years, up to life, a maximum fine of $250,000, and a special assessment of $100.

**B.    Supervised Release.**  The Court must impose a period of supervised release of at least 5 years, up to life. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crimes to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**C.    Fines and Costs.**  The Court may impose a fine.  No agreement exists as to the amount of the fine.  The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D.    Special Assessment.**  The defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing.  Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

**E.    Restitution.**  In addition to any fine or costs imposed, the defendant agrees to pay restitution to HH by forfeiting and assigning all his right, title and interest in a promissory note and deed of trust in the amount of $119,000.00, signed by Angela S. Hicks on January 16, 2014, in Gooding Idaho.  Under the terms of the note, the defendant is due to receive $1,071.81 every month until January 16, 2029, including interest at 7 percent (7%), resulting a total payment of approximately $179,000 by the end of the term.  The defendant agrees and acknowledges that his interest in the note and deed of trust will be permanently forfeited as set out below.   The defendant agrees to have the Court appoint a guardian ad litem to represent HH's interests in this case as to recovery of restitution and to create a trust for the payments on the promissory note for HH's sole benefit.

The defendant agrees that he shall, prior to sentencing, pay restitution in the amount of $2,000.00 to "Angela" prior to sentencing in this case by making payment to her attorney, Marc Lenahan, at One Metro Square – West, 2665 Villa Creek, Suite 204, Dallas Texas  75234.  The Government stipulates that this restitution to "Angela" is full satisfaction of any and all restitution liability the defendant has to her.  *See* 18 U.S.C. § 3663(a)(1)(A).[3]

**F.    Forfeiture.**

The defendant understands that the Court will, upon acceptance of the defendant's guilty plea, enter a forfeiture order as part of the defendant's sentence, and that the forfeiture order may include assets used in the commission of the offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.  The defendant agrees to immediately forfeit to the United States the property set out in the Forfeiture Allegation of the Superseding Information, specifically:

---

[3] The Defendant acknowledges possessing sexually explicit images of "Angela" on his computer.

(a) a forfeiture money judgment in the amount of $179,000;

(b) any and all of the defendant's interest in the real property described below, including the associated promissory note entered into by and between Angela S. Hicks and the defendant on January 16, 2014, promising payment in the principal amount of $119,000 plus interest at the rate of seven percent (7%), with final payment due on January 16, 2029; and the associated deed of trust dated January 16, 2014, and recorded on the same date as instrument number 0000-194435, records of Lincoln County, Idaho;

Real Property:   All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 159 and 165 E. 620 N., Shoshone, Lincoln County, Idaho, and described as follows:

> Lot 2, Ellis Acres Subdivision, SEC/TWN/RNG/MER: SEC 6 TWN 5 RNG 18, TRACT: 9501002434, being Parcel No. RP-01160000020-0.

> Lot 3, Ellis Acres Subdivision, SEC/TWN/RNG/MER: SEC 6 TWN 5 RNG 18, TRACT: 9501002434, being Parcel No. RP-01160000030-0.

(c) Apple laptop computer, serial number W80250LVATQ; and

(d) Toshiba hard drive, serial number 5059P017T L54 EC.A, bearing a manufacturer's trade label "Made in the Phillippines."

The defendant and the Government acknowledge and agree and that upon (1) the defendant's co-operation and assistance in assigning his interest in the promissory note and deed of trust as set out above, including the defendant's execution and delivery of all necessary instruments of conveyance and other documents as may be needed to provide clear title in the real property, note and deed of trust to the court-appointed guardian of HH and/or a separate trust established by the guardian for her benefit; and (2) the Court's entry of a preliminary order of

**Plea Agreement**                                    8                          Rev. November 2012 (General)

forfeiture as a part of the defendant's sentence, pursuant to Criminal Rule 32.2(b)(2)(A) and 4(A), which forfeits the defendant's interest in the above described real property, note and deed of trust; the Government will credit the value of the specific properties forfeited herein against the money judgment, in full satisfaction of the $179,000 money-judgment amount due.

The defendant agrees to consent to any abandonment proceeding as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture which may be brought against the property, and agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  If this Agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures which began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets.  The defendant agrees to cooperate in obtaining any records relating to ownership of such assets when sought by the Government, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.  The defendant further agrees that the defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding or related civil forfeiture case, and that the defendant will testify truthfully in any such proceeding.

**The defendant warrants that he is the sole owner of the properties and property interests listed above, except as specifically set out above in Section E.**  If the defendant is not the sole owner of these properties and interests, the Government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this Agreement.

The defendant agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

The defendant agrees that the forfeiture provisions of this Plea Agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement.  The forfeitability of any particular property pursuant to this Agreement shall be determined as if defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture including any agreed money judgment amount, is collected in full.  If the crime(s) involved victims, then the defendant acknowledges and agrees that this Agreement to disgorge the defendant's wrongfully obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature, and therefore that the defendant intends for the disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction.  The United States District Court for the District of Idaho shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

**Plea Agreement**                                      10

V.     UNITED STATES SENTENCING GUIDELINES

A.     **Application of Sentencing Guidelines.**  The Court must consider the United

States Sentencing Guidelines (USSG) in determining an appropriate sentence under

18 U.S.C. § 3553.  The defendant agrees that the Court may consider "relevant conduct" in

determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to the Plea Agreement.  The Plea Agreement does not bind the

Court's determination of Sentencing Guidelines range.  The Court will identify the factors that

will determine the sentencing range under the Sentencing Guidelines.  While the Court may take

the defendant's cooperation, if any, and the recommendations of the parties into account, the

Court has complete discretion to impose any lawful sentence, including the maximum sentence

possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the

recommendations and requests set forth below.

B.     **Sentencing Guidelines Recommendations and Requests.**

1.     **Acceptance of Responsibility.**  If the defendant clearly accepts responsibility for

the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted

offense level, under USSG § 3E1.1(a).  The Government will move for an additional one-level

reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1)

the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and

(3) the defendant has timely notified authorities of the defendant's intention to enter a plea of

guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to

allocate its resources efficiently.  If, before sentence is imposed, the defendant fails to meet the

**Plea Agreement**                              11                         Rev. November 2012 (General)

criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

2.    **Sentencing Guideline Calculations.**   The parties agree that the following Sentencing Guideline calculations should apply:

U.S.S.G. § 2G2.1(a) – base offense level = 32

§ 2G2.1(b)(1)(A) – minor under 12 = +4

§ 2G2.1(b)(2)(A) – commission of sexual act or sexual contact = +2

§ 2G2.1(b)(5) – defendant had custody, care, or supervisory control of minor = +2

subtotal = 40

40-3(acceptance of responsibility) = 37

3.    **Joint Recommendations.**   The parties jointly make the following recommendations, and agree that the following shall be included as terms of the defendant's sentence, expressly bargained for as a part of this plea agreement:

a)    **Psycho-Sexual Assessment** --The defendant will submit to a sex offender evaluation pursuant to Title 18, United States Code, Section 3552(b) prior to sentencing in this case.  It is the defendant's obligation to secure this evaluation from a mental health professional certified by the Idaho Sex Offender Classification Board (see, http://www2.state.id.us/socb/). The evaluation shall follow the format for psychosexual evaluations set forth by the Idaho Sex Offender Classification Board and the Practice Standards and Guidelines for Members of the Association for the Treatment of Sexual Abusers (ATSA).  The defendant agrees to submit to all evaluation procedures at the direction of the treatment provider, including phallometry and polygraph testing if the treatment provider deems them necessary.

b)      **Waiver of Confidentiality** -- The defendant agrees to waive any right to confidentiality and allow the provider conducting the psychosexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Department, the Court and the United States Attorney.

c)      **Contact with Minors** -- The Defendant may not knowingly have direct or indirect contact with children under the age of eighteen, unless approved in advance, in writing, by his probation officer.

d)      **Access to Minors** -- The Defendant will not reside or loiter within 300 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by children under the age of eighteen.

e)      **Occupational Restriction** – The defendant may not engage in any paid occupation or volunteer service that exposes him either directly or indirectly to minors, unless approved in advance, in writing, by his probation officer.

f)      **Restriction on Computer/Internet Use** -- The Defendant may not possess or use a computer or other electronic device connected to the Internet without the prior permission, in writing, from his probation officer.

g)      **Possession of Sexually Explicit Matter Involving Minors** -- The Defendant will not possess any child pornography or obscenity, or sexually explicit visual or text (written) material involving minors.

h)      **Polygraph Testing** -- The Defendant agrees to participate in polygraph testing to monitor his compliance with supervised release and treatment conditions, at the direction of his probation officer and/or treatment staff.

i)      **Post-Incarceration Treatment** -- The Defendant will successfully complete any course of treatment related to his offense, as directed by his probation officer, including but not limited to cognitive/behavioral treatment for sexual deviancy under the direction of a qualified mental health professional who is experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA).  The defendant will follow the rules of the treatment program as if they are the orders of the Court.

j)      **Search Provision** -- The Defendant will be subject to a search of his person, home or vehicle, and any objects or materials (including computers and other types of electronic storage media) found therein, at the discretion of his probation officer.

k)      **Sex Offender Registration/Megan's Law/Adam Walsh Act Provision** -- The defendant has been advised, understands and agrees that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that federal law requires that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  See 42 U.S.C. § 16913(c).  State laws may be more restrictive.

The defendant has been advised and understands that Idaho law requires that such registration be updated with the sheriff of the county within two working days of coming into any county to establish permanent or temporary residence, commencement of employment or enrollment as a student in an educational institution, and provides that nonresidents employed in

**Plea Agreement**                              14

counseling, coaching, teaching, supervising or working with minors in any way, regardless of the period of employment, must register prior to the commencement of such employment with the sheriff of the county. See I.C. 18-8307 (4)(a)(b). The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both, and may also subject the defendant to prosecution under state failure to register laws.

l)      **Conditional Use/Derivative Use Immunity** - As a condition of court-mandated evaluation and treatment, the defendant will be required truthfully to reveal his entire sexual history, including the possibility of other sexual crimes. In recognition of the fact that full disclosure of that history is a necessary component of effective treatment, the government agrees that the defendant's admissions during psycho-sexual evaluation and sex offender treatment, to sexual crimes (*excluding homicide*) previously undisclosed to any law enforcement entity, will not be used against the defendant in a new criminal prosecution. *See United States v. Antelope,* 395 F.3d 1128 (9th Cir. 2005), and *Kastigar v. United States,* 406 U.S. 441 (1972). However, the parties agree that this use immunity and derivative use immunity, is expressly conditioned, upon: 1) the defendant successfully completing sexual deviancy treatment, and 2) the defendant not materially violating the rules of supervised release, and/or committing a sexual crime or a crime involving the sexual exploitation of children after the date of this agreement. If the defendant fails to complete all aspects of treatment, or fails to comply with all material supervised release requirements, or reoffends as described above, then this immunity agreement is rescinded and the government may use defendant's statements against him.

4.      **Stipulation Regarding Sentencing Guidelines.** The defendant understands that the United States Sentencing Guidelines apply in an advisory manner and are not binding on the

Court.  In exchange for the concessions made by the government, including the Government's agreement to dismiss counts, and refrain from filing additional counts supported by the facts, and the agreement of the Lincoln County Prosecuting Attorney to dismiss related state charges, the defendant agrees not to seek a downward departure or variance based upon the argument that there is a lack of empirical evidence to support the sentencing range in the applicable advisory United States Sentencing Guideline § 2G2.1, *et.al.*

5.      **Downward Departure or Variance Request by Defendant.**   Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and all of the defendant's reasons and basis therefor, such notice to be provided <u>in writing</u> not less than 21 days before the date set for sentencing.

**VI.      WAIVER OF APPEAL RIGHTS**

A.      In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal the entry of plea, the conviction, entry of judgment, and sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal the defendant might file challenging the plea, conviction or sentence in this case.  Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

B.      Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur; the defendant understands

**Plea Agreement**                                     16                        <span>Rev. November 2012 (General)</span>

that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:

1.      the sentence imposed by the District Court exceeds the statutory maximum;

2.      the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or

3.      the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

## VII.   PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this Agreement and relieves the Government of its obligations in this Agreement.  Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests.  Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII.   NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing.  The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## IX.     CONSEQUENCES OF VIOLATING AGREEMENT

**Plea Agreement**                                    17                          Rev. November 2012 (General)

**A.     Government's Options.**  If the defendant fails to keep any promise in this Agreement or commits a new crime, the Government is relieved of any obligation to do the following: 1) make a sentencing recommendation consistent with the terms promised in this Agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement.  Such charges may be brought without prior notice.  In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction under this Agreement stand or vacating such conviction so that such charges may be re-prosecuted.  If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea made pursuant to this Agreement.

**B.     Defendant's Waiver of Rights.**  If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offenses to which the defendant entered a plea of guilty or which were dismissed under this Agreement.  In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

**X.     MISCELLANEOUS**

**A.     No Other Terms**.  This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the

**Plea Agreement**                    18                    Rev. November 2012 (General)

attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho.

    **B.**    **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 5:00 p.m. on October 31, 2014.

**XI.**    **UNITED STATES' APPROVAL**

    I have reviewed this matter and the Plea Agreement. This Agreement constitutes a formal plea offer from the Government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

_____    _11-7-2014_
JAMES M. PETERS            Date
Assistant United States Attorney

## XII.    ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney.  I understand the Agreement and its effect upon my potential sentence.  Furthermore, I have discussed all of my rights with my attorney and I understand those rights.  No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case.  I understand that this Agreement constitutes a formal plea offer from the Government.  Any oral discussions by me or my counsel with the Government about a plea do not constitute a plea offer. Any written offer or Agreement made prior to this Agreement is no longer a valid offer by the Government and is rescinded.  In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including to enter a guilty plea.  I am satisfied with my attorney's advice and representation in this case.

_____          11-6-14
WILLIAM ROGER WILKINSON                   Date
Defendant


I have read this Plea Agreement and have discussed the contents of the Agreement with my client.  The Plea Agreement accurately sets forth the entirety of the Agreement.  I have conveyed all written offers from the Government to the defendant pursuant to *Missouri v. Frye*, 2012 WL 932020 (U.S. March 21, 2012).  I understand that this Agreement constitutes a formal plea offer from the Government.  Any oral discussions by me or my client with the Government about a plea do not constitute a plea offer.  Any written offer or Agreement made prior to this

20

Agreement is no longer a valid offer by the Government and is rescinded.  I concur in my client's decision to plead guilty as set forth above.

THOMAS MONAGHAN
Attorney for the Defendant

Date 11/6/14

S.R. RUBIN          Date
Attorney for the Defendant

11/6/2014

21